VILLAGE OF VADNAIS HEIGHTS v. BOARD OF WATER COMMISSIONERS OF CITY OF ST. PAUL.

236 N. W. 2d 777.

November 21, 1975—No. 45169.

*R. Scott Davies,* City Attorney, and *Thomas J. Stearns,* Assistant City Attorney, for appellant.

*Peterson, Bell & Converse* and *Willard L. Converse,* for respondent.

Heard before Sheran, C. J., and MacLaughlin and Knutson, JJ., and considered and decided by the court en banc.

MacLaughlin, Justice.

Defendant, Board of Water Commissioners of the City of St. Paul (the Board), is charged with the responsibility of furnishing an adequate water supply to the inhabitants of St. Paul, a city of the first class. Sp. L. 1885, c. 110, § 6. The powers granted the Board include the power to purchase and procure lands by condemnation. In the performance of its duties the Board has acquired considerable real property located within plaintiff, Village of Vadnais Heights.[1] In addition, the Board is the occupant of other land, also within Vadnais Heights, held by the city of St. Paul for its use, and the Board also has easements in Vadnais Heights acquired through condemnation. The property includes 714.06 acres of land and 590.4 acres of the reservoir of Lake Vadnais and comprises approximately 20 percent of the entire area of Vadnais Heights. All of the water used in the water system of the Board comes from the reservoir of Lake Vadnais, but no method is available to ascertain what part of the water comes from the lake itself and what part comes from surface waters supplied to the lake by its conduits and channels. The Board, in addition to supplying the needs of the city of St. Paul, sells water to several municipalities outside of St. Paul.

In 1971, Vadnais Heights completed the construction of a comprehensive sanitary sewer system. The system consists of a huge interceptor designed to handle all sewage emanating in Vadnais Heights and from communities north of Vadnais Heights, and laterals at various points throughout Vadnais Heights. A sub-

---

[1] The legislature has eliminated the designation of municipalities as "villages." See, Minn. St. 412.016.

stantial portion of the Board's property is capable of using the laterals.

After completion of construction, Vadnais Heights determined a formula to be used in setting assessments for the cost of the project. Minn. St. 435.19, subd. 1, grants to Vadnais Heights the power to levy special assessments against the property of a governmental unit to the same extent as if that property were privately owned.[2] That subdivision defines a "governmental unit" as "a county, city, town, public corporation, a school district and any other political subdivision, *except a city of the first class* operating under a home rule charter and the school district, park board *or other board or department of such city operating under such charter*." (Italics supplied.)

Minn. St. 435.19, subd. 3, provides in part:

"In the case of property owned by a city of the first class or board or instrumentality thereof, the governing body of any city or town [in this case Vadnais Heights] may determine the amount that would have been assessed had the land been privately owned. * * * Such city of the first class or board or instrumentality thereof [in this case St. Paul and the Board of Water Commissioners] may pay the amount so determined or such lesser amount as it determines is the measure of the benefit received by the land from the improvement."

On October 13, 1971, acting pursuant to this statutory authority, Vadnais Heights assessed the Board the sum of $178,177 for the sanitary sewer improvements. The assessment included $123,493 for the interceptor and $54,684 for the lateral improvements. On November 21, 1972, the Board, also acting pursuant to the statute, determined that the measure of benefit received

---

[2] Minn. St. 435.19, subd. 1, provides in part: "Any city, however organized or any town having authority to levy special assessments *may levy special assessments against the property of a governmental unit benefited by an improvement to the same extent as if such property were privately owned* * * *." (Italics supplied.)

by its land from the improvement was $10,000. On June 13, 1973, the governing body of the city of St. Paul concurred in the Board's determination that "benefits from said improvements are limited to the amount of $10,000.00 for the whole of said affected property."

Plaintiff, Vadnais Heights, then commenced this action requesting, among other things, that the trial court (a) determine that the action of defendant Board in setting the $10,000 figure is subject to judicial review; and (b) determine, in the event there is no judicial review, that the applicable statutes are unconstitutional. The trial court refused to declare the statute unconstitutional, but did order a judicial review of the Board's determination that the value of the benefits to its property was in the amount of $10,000.

The Board has appealed to this court, and the only issue presently before us for review is whether the trial court properly granted Vadnais Heights' request for a judicial review and, if so, the scope of that review.

We have no hesitation in holding that the Board's determination of the "measure of benefit received by the land from the improvement" is subject to judicial review. To hold otherwise would allow the Board unlimited and unrestricted discretion in deciding what it should pay as assessments for improvements to land owned by the Board located in another political subdivision. The scope of review by the trial court must be (a) to determine if the land received benefits from the improvement in a value in excess of $10,000; and (b) if so, to determine the amount of the benefits received by the land.

Our decision in this case is limited to an affirmance of the district court's ruling that the determination of the board of the "measure of benefit received by the land" is subject to review by the trial court. We refrain from passing on the constitutional question raised by plaintiff because of our decision that there is to be a judicial review. We also decline to decide on what basis the trial court should determine the benefits received by the land

from the improvement. The trial court stated as follows in its memorandum:

"The statute permitting the Board and the City of St. Paul to make their own determination of benefits, implies not an arbitrary determination but one made on a reasonable basis and upon the same standards as required under the assessment code, Minn. Stat. 429. While Vadnais Heights has not sought discovery to ascertain the basis upon which the Board determined the benefit, in my opinion Vadnais Heights should have the right to do so. If as a result of such discovery, Vadnais Heights wishes to contest further the Board's determination of the benefit it should be permitted to do so."

Because of the incompleteness of the record before us, we are not able to determine whether the benefit received by the land in question, which is held and used for a public purpose, would be the same as the benefit received by the land if it were owned by a private party. That determination must be made by the trial court based upon the facts as they develop at trial.

Affirmed.